**SO ORDERED.**
**SIGNED this 30th day of September, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Suzanne H. Bauknight**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**

In re

TARL BRANDON KENDALL
CAREN RENEE KENDALL

Debtors

Case No. 3:22-bk-31193-SHB
Chapter 7

**MEMORANDUM AND ORDER ON MOTION FOR AUTHORITY TO SELL PROPERTY SUBJECT TO LIENS AND MOTION TO ABANDON ESTATE'S INTEREST IN REAL PROPERTY**

Before the Court are two related contested matters: (1) the Motion for Authority to Sell Property Subject to Liens ("Sale Motion") filed by Ann Mostoller, Chapter 7 Trustee ("Chapter 7 Trustee"), on March 19, 2026 [Doc. 98], through which she seeks to sell each Debtor's survivorship interest in 117 Adelphi Road, Oak Ridge, Tennessee ("Residence"), which is owned by Debtors as tenants by the entireties, and the objection filed by Debtors [Doc. 99][1]; and (2) the Motion to Abandon Estate's Interest in Real Property ("Abandonment Motion") filed by Debtors on May 6, 2026 [Doc. 106], asking that the Trustee be required to abandon the Residence as

---

[1] As directed by the Court in its Order entered on April 17, 2026 [Doc. 101], the parties filed briefs in support of their respective arguments. [Docs. 103, 108.]

burdensome and of inconsequential value. Because the law concerning treatment of survivorship interests on entireties property in bankruptcy cases is settled in the Sixth Circuit, the Abandonment Motion will be denied, and the Sale Motion will be granted.

## I. FACTS

Debtors filed the Voluntary Petition commencing this Chapter 7 bankruptcy case on August 12, 2022, and the Chapter 7 Trustee was duly appointed. Debtors scheduled the Residence, valuing it at $360,000.00 with a mortgage in the amount of $329,880.00. [Doc. 1 at 21, 32.] As reflected in Schedule C, they claimed a $52,500.00 statutory homestead exemption pursuant to Tennessee Code Annotated section 26-2-301(a). [Doc. 1 at 29.]

Debtors' discharge was entered on December 28, 2022 [Doc. 51]. Approximately three months later, Debtors' mortgage holder, First Community Mortgage (through The Money Source, Inc.), filed a motion for stay relief, averring that Debtors were in default on their mortgage payments for January through March 2023, in the amount of $5,686.61, and seeking relief from the automatic stay to pursue its remedies as to the Residence. [Doc. 63.] Debtors did not object, and the Court entered an Order Granting Motion for Relief from Automatic Stay on April 10, 2023 [Doc. 66].

The Chapter 7 Trustee continued to administer the estate post-discharge. On June 27, 2023, the Chapter 7 Trustee settled an adversary proceeding against Grove Properties, LLC and J. Steve Herron for $5,000.00 [Doc. 69]. After applying to employ special counsel to pursue a breach of contract action against Tim Cummings, Kelly Cummings, and CCM Customs, Inc. [Doc. 74], on January 9, 2024, the Chapter 7 Trustee requested that a Notice of Assets be sent to all creditors, which was accomplished on January 10, 2024. [Docs. 75, 76.] The breach of contract action was settled for $5,000.00 on September 12, 2025. [Doc. 90.]

On November 24, 2025, Mr. Kendall filed a Voluntary Petition commencing a Chapter 13 case. [Case No. 3:25-bk-32226-SHB, ECF No. 1.] A motion to dismiss was filed by Debra L. Miller, Chapter 13 Trustee, on January 9, 2026, stating that "[t]his is not a 'Chapter 20' scenario" and because "the Chapter 7 is still active and the assets (real estate, survivorship interest and possible ERC credits) are not fully administered by the Chapter 7 Trustee," two active cases cannot be pending at the same time, notwithstanding that the Chapter 13 case was filed "to save the primary residence from foreclosure." [Case No. 3:25-bk-32226-SHB, ECF No. 30.] At the Court's direction, Mr. Kendall filed a brief in opposition to the dismissal of his Chapter 13 case, arguing that he was eligible to be a debtor under 11 U.S.C. § 109(e) and (g). [Case No. 3:25-bk-32226-SHB, ECF No. 48 at 3-5.] He also argued that he had filed the case in good faith and that the Chapter 7 Trustee had fully administered the estate, as evidenced in her Interim Report and her Application for Compensation filed in the Chapter 7 case on July 28, 2025, and October 13, 2025, respectively [Docs. 84, 95]. [Case No. 3:25-bk-32226-SHB, ECF No. 48 at 5-7.] In conclusion, Mr. Kendall acknowledged that his "Chapter 13 bankruptcy case was prompted primarily by the mortgage arrears and [scheduled] foreclosure against his real estate[ but was] . . . over three years after the previous Chapter 7 Case was filed." [Case No. 3:25-bk-32226-SHB, ECF No. 48 at 10.] Notwithstanding Mr. Kendall's arguments, because he was not current on his plan payments as directed by the Court and he did not address the Certification by Chapter 13 Trustee that he had not made any payments to the Trustee since January 20, 2026, the Chapter 13 case was dismissed on March 4, 2026. [Case No. 3:25-bk-32226-SHB, ECF No. 49.]

The Chapter 7 Trustee then filed the Sale Motion on March 19, 2026, seeking to sell the survivorship interests of Debtors in the Residence, "subject to any and all claims and encumbrances of any kind, as is/where is, [and] without warranty of any kinds as to physical

condition, title, or otherwise[.]" [Doc. 98 at ¶¶ 1, 2.] Specifically, Mr. Kendall's survivorship interest is proposed to be sold for $1,500.00 to Smart Business Accounting, LLC, and Ms. Kendall's survivorship interest is proposed to be sold to Don Lawson for $1,500.00. [*Id*.]

Debtors objected to the Sale Motion on April 13, 2026, arguing that allowing the Trustee to sell both survivorship interests "would essentially eliminate the Debtors' interest in the property without paying the Debtors' homestead exemption." [Doc. 99 at ¶ 7.] Debtors argued that "[t]he attempt to sell both survivorship interest[s] leaves no 'life' that would own an interest in the property, therefore, the mechanics of selling both survivorship interests would be legally a fiction as there would be no owner of an interest in the property following the sale of both such survivorship interests." [*Id*. at ¶ 8.]

## II. ANALYSIS

### A. Sale of Debtors' Survivorship Interests

All legal and equitable interests of Debtors in property became property of the bankruptcy estate at the commencement of a case pursuant to 11 U.S.C. § 541(a)(1). Under 11 U.S.C. § 363, the Trustee is authorized to sell property of Debtor's bankruptcy estate. Nevertheless, Debtors may exempt certain property from the estate under 11 U.S.C. § 522(b). Under Tennessee Code Annotated section 26-2-112, Debtors, who are Tennessee residents, are limited to Tennessee's statutory exemptions.

Debtors properly claimed, and the Trustee did not object to, statutory exemptions, including the following homestead exemption:

> An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed thirty-five thousand dollars ($35,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead

> exemptions, the aggregate value of which exemptions combined shall not exceed fifty-two thousand five hundred dollars ($52,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be thirty-five thousand dollars ($35,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor child or child who is eighteen (18) years of age or older and has a developmental disability or intellectual disability for as long as the spouse, minor child, or child who is eighteen (18) years of age or older and has a developmental disability or intellectual disability uses such property as a principal place of residence.

Tenn. Code Ann. § 26-2-301(a). Debtors claimed the $52,500.00 exemption for the Residence that they own jointly as tenants by the entireties. As such, Debtors are both "seized of the whole or the entirety . . . and ownership of the property, as a whole, fully vests in the surviving spouse upon the death of the other spouse." *In re Arwood*, 289 B.R. 889, 893 (Bankr. E.D. Tenn. 2003) (citation omitted).

Debtors argue, however, that by selling both of their survivorship interests in the Residence, the Chapter 7 Trustee is changing the legal status of the Residence and eliminating their interest in the Residence without paying their homestead exemption because "[b]y selling both survivorship interests the death of one or the other of the Debtors would then entitle the purchaser of the alternate Debtor's survivorship interest to be the sole owner of the property and not the surviving Debtor. Therefore, neither Debtor would be entitled to receive the homestead exemption[.]" [Doc. 103 at 3.] They argue that the Chapter 7 Trustee should instead be required to abandon the Residence "given the lack of [her] interest in the [Residence] without equity having almost been foreclosed during the past year by the mortgage creditor" and that administration of the case "should not be used for 'endrun' around the homestead exemption by the creditors of the Debtor[s]." [*Id.*] Debtors' argument that the sale of both survivorship

interests in essence extinguishes the homestead, however, lacks merit and is contrary to Tennessee and bankruptcy law.

As an initial matter, "the homestead right is a right of occupancy, not an estate in land, and . . . a remainder or reversionary interest may be sold subject to the homestead exemption. The sale of a debtor's interest in homestead property subject to the homestead right has been allowed in Tennessee for more than one hundred years." *In re Walls*, 45 B.R. 145, 147 (Bankr. E.D. Tenn. 1984) (citation modified). Any such sale, however, is "subject to the debtor's right to a homestead exemption[.]" *Ray v. Dawson* (*In re Dawson*), 10 B.R. 680, 684 (Bankr. E.D. Tenn. 1981).

The Honorable Judge Richard Stair, Jr. relied on *In re Walls* and *In re Dawson* when he explained how a bankruptcy sale of the survivorship interest affects the homestead right in *In re Arwood*:

> The purpose of the homestead statute is fulfilled through sale of the survivorship interest subject to the debtor's defeasible homestead right. The debtor and his wife may continue to occupy the entireties property during their joint lives. The purchaser at the trustee's sale of the debtor's survivorship interest cannot obtain possession of the entireties property, nor is he entitled to profits or rents during the joint lives of the debtor and his wife. If the debtor predeceases his wife, the purchaser's interest will be extinguished. On the other hand, if the debtor survives his wife, the purchaser will succeed to the fee interest subject to the debtor's homestead right. ***In either event the debtor is afforded the protection and exemption to which he is entitled.*** Further, creditors are afforded an opportunity at the chance of reaching the equity in the debtor's entireties property.

*In re Arwood*, 289 B.R. at 896–97 (emphasis added) (quoting *In re Walls*, 45 B.R. at 149).

Every bankruptcy court in Tennessee to address this issue has agreed. *See Teems v. Thomas* (*In re Thomas*), No. 17-25100-L, Adv. No. 18-00015, 2018 WL 10731606, at *6 (Bankr. W.D. Tenn. Sept. 27, 2018) ("[T]he trustee in bankruptcy may sell the debtor's right of survivorship ***subject to the homestead exemption***.") (emphasis added) (citation omitted)); *In re*

*Dick*, 136 B.R. 1000, 1004 (Bankr. W.D. Tenn. 1992) ("[I]t is evident that this debtor does have a homestead exemption in his survivorship right, which is now part of the bankruptcy estate. The debtor, however, may not receive the cash value of that exemption from the proceeds of any sale of that survivorship right. Rather, ***the survivorship right, if sold by the trustee, will be encumbered by the debtor's homestead exemption and the debtor will receive the cash value of his exemption if and when he survives his wife***.") (emphasis added). Although these cases involved only one of the spouses becoming a debtor in bankruptcy so that only the filing spouse's survivorship interest was being sold, the law remains the same when both spouses are debtors in bankruptcy and both survivorship interests are being sold. As a matter of law, any purchaser of a bankruptcy debtor's survivorship interest will take the interest subject to the surviving debtor's entitlement to payment of the homestead exemption when the purchaser's purchased survivorship right vests (at the death of the other spouse).

**B. Debtors' Request for Abandonment**

Debtors have asked the Court to order the Chapter 7 Trustee to abandon the Residence, which requires them to prove, by a preponderance of the evidence, that the Residence is burdensome to the estate or of inconsequential value. *See* 11 U.S.C. § 554(b); *In re Lents*, 644 B.R. 479, 491 (Bankr. D.S.C. 2022). "The trustee's power to abandon property is discretionary." *Church Joint Venture, LP v. Bedwell* (*In re Blasingame*), 598 B.R. 864, 871 (B.A.P. 6th Cir. 2019). Thus, "[a]n order compelling abandonment is the exception, not the rule. Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset." *Morgan v. K.C. Mach. & Tool Co.* (*In re K.C. Mach. & Tool Co.*), 816 F.2d 238, 246 (6th Cir. 1987). A bankruptcy court will generally defer to a trustee's decision not to abandon property provided it finds that the trustee made a business judgment, in

good faith, upon some reasonable basis, and within the scope of her authority. *In re Blasingame*, 598 B.R. at 871. Nevertheless, as the party opposing abandonment, the Trustee "must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate." *Id*. (citation omitted).

Here, Debtors argue that abandonment is justified because, in their "opinion," the Residence has no equity or value to the estate and that the Chapter 7 Trustee "took no action whatsoever in four years to attempt to sell the Debtors' interest in said [Residence]." [Doc. 106 at ¶ 3.] Such a conclusion is not supported by the record. First, Debtors have offered no evidence in the form of an appraisal or a valuation of the Residence. Moreover, the Chapter 7 Trustee has obtained purchasers for Debtors' survivorship interests, which will bring additional assets into the bankruptcy estate.[2]

Nor does the record reflect that the Chapter 7 Trustee should be required to abandon the survivorship interests under the doctrine of laches.[3] To the contrary, the record reflects that the Chapter 7 Trustee has been pursuing assets throughout the pendency of this case, and her

[2] Unsecured claims filed in this bankruptcy case exceed $300,000.00, and the Chapter 7 Trustee has liquidated assets totaling $10,000.00.

[3] As recently explained by the court in *In re Stewart*, No. 22-10064, 2025 WL 779833, at *3 (Bankr. N.D. Ohio Mar. 11, 2025):

> Laches is the "'negligent and unintentional failure to protect one's rights.'" *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002) (quoting *Elvis Presley Enter., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991)). Courts apply laches as a doctrine of equitability, used to determine the timeliness of claims when there is no specific statute of limitations that is applicable. *See e.g., Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 796 F.3d 576, 584 (6th Cir. 2015). In such circumstances, "[e]quity . . . fashions its own time limitations through laches" to ensure "that equity will not aid a party whose unexcused delay would, if his suit were allowed, prejudice his adversary." *Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elec. Corp.*, 518 F.2d 913, 926 (9th Cir. 1975); *see also Metropolitan Bank v. St. Louis Dispatch Co.*, 149 U.S. 436, 448 (1893) ("[E]ven when there is no [statute of limitation] governing a case, a defence [*sic*] founded upon the lapse of time and the staleness of the claim is available in equity."). To succeed on a claim of laches, a party "must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Nartron Corp.*, 305 F.3d at 408.

decision to sell the interests when an offer was made to her [*see* Doc. 113 at 4] is in pursuit of her duties under 11 U.S.C. § 704(a)(1) to bring additional assets into the case for distribution to creditors. Because Debtors have provided no evidence that the Residence is burdensome and of inconsequential value to the bankruptcy estate, the Court will not require the Chapter 7 Trustee to abandon the Residence.

## II. ORDER

For the foregoing reasons, the Court directs the following:

1. The Motion for Authority to Sell Property Subject to Liens filed by the Chapter 7 Trustee on March 19, 2026 [Doc. 98], is GRANTED. The Objection to Trustee's Motion to Sell Survivorship Interest filed by Debtors on April 13, 2026 [Doc. 99], is OVERRULED.

2. The Motion to Abandon Estate's Interest in Real Property filed by Debtors on May 6, 2026 [Doc. 106], is DENIED.

###